IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

Respondent,

V. CRIMINAL NO. 3:03-00083
(CIVIL ACTION NO. 3:04-0948)

TROY L. HANDLEY,

Movant.

**FINDINGS AND RECOMMENDATION**

In May of 2003, following consummation of a plea agreement, Troy L. Handley entered a plea of guilty to an information in which he was charged with bank robbery committed by "force, violence and intimidation," in violation of 18 U.S.C.§2113(a). On August 7, 2003, he was sentenced to a term of imprisonment of fifty-two months to be followed by three years supervised release. He did not appeal his conviction. Thereafter, on July 28, 2004, he filed, pro se, a "Motion for Re-Sentencing" and on August 31, 2005, by counsel, he filed a "Motion to Review and Reform Judgment in a Criminal Case." The motion, which attacks the validity of his sentence, will be treated as a motion to vacate, set aside or correct sentence, filed under the provisions of 28 U.S.C. §2255.[1] Handley complains of an enhancement by the Court at sentencing under USSG §2B3.1(b)(2) and asserts entitlement to relief based on, inter alia, the Court's decisions in Apprendi

[1] In Re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

v. New Jersey, 530 U.S. 466 (2000),[2] Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005). Inasmuch as "it plainly appears from the face of the motion ... and the prior proceedings in the case that movant is not entitled to relief,"[3] dismissal without requiring a response from the United States is appropriate.

In United States v. Booker, supra, decided January 12, 2005, the Supreme Court concluded that the sentencing guidelines, as applied, were violative of the Sixth Amendment to the extent that enhancements to a defendant's sentence, beyond the fact of a prior conviction, were based on findings of fact made by a judge utilizing a preponderance of the evidence standard rather than by jury based upon the reasonable doubt standard and that, as a consequence, the guidelines were to be treated as advisory rather than as mandatory. The question presented in this case, i.e., whether Booker's holding is to be applied retroactively to cases on collateral review, has now been resolved for courts in this circuit by the Court of Appeals for the Fourth Circuit in United States v. Morris, 429 F.3d 65, 66 (4th Cir. 2005), a decision in which the Court, joining all other circuit courts of appeals which have considered the issue, held that "Booker does not apply retroactively to cases on collateral review."

It being apparent that the Court's decision in Booker is not retroactively applicable to movant's conviction and sentence, his motion, as a consequence, does not present any viable claims based on that decision or its predecessors.

[2] Apprendi is not implicated in this case since movant's sentence did not exceed the statutory maximum.

[3] Rule 4(b), Rules Governing §2255 Proceedings for the United States District Courts.

**RECOMMENDATION**

On the basis of the foregoing findings of fact and conclusions of law, it is **RESPECTFULLY RECOMMENDED** that the relief sought in this §2255 proceeding be denied.

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Joseph R. Goodwin, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to movant and all counsel of record.

DATED: July 17, 2006

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE